UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NOVA LANDAEUS, as mother and natural guardian of J.R., an infant, and NOVA LANDAEUS, individually,

        Plaintiffs,

- against -

BATH AUTHORITY LLC, DREAMLINE and LOWE'S HOME CENTERS, LLC,

        Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/15/2024

**ORDER OF COMPROMISE**

Docket # 7:21-cv-07049-NSR-VR

THE COURT HEREIN ADDRESSES THAT UNREDACTED, CONFIDENTIAL, PERSONAL INFORMATION IS INCLUDED IN THIS ORDER AND IS BASED UPON THIS COURT'S EXPRESS FINDINGS THAT GOOD CAUSE EXISTS PURSUANT TO NYCRR RULE 202.5(e)(2), AS APPLICABLE PURSUANT TO LOCAL CIVIL RULE 83.2 WHICH GOVERNS FEDERAL INFANT COMPROMISE ORDERS PURSUANT NEW YORK STATE STATUTES AND RULES, IN THAT INCLUSION OF THE FULL NAME AND DATE OF BITH OF THE MINOR, AS WELL AS RELATED INFORMATION, IS MATERIAL AND NECESSARY TO EFFECTUATE THE ORDER OF THIS COURT.

NOW, upon reading and filing the affirmation of Benjamin D. Dell, attorney for the Plaintiffs, dated the January 10, 2024, the affidavit of NOVA LANDAEUS, the mother and natural guardian of the infant herein, duly sworn to on January 8, 2024, the recent physician's letter of Dr. Michael A. Miller, M.D., dated December 12, 2023 *(physician's Letter annexed hereto as Exhibit E)*; and it appearing that the infant plaintiff was born on February 19, 2019, and the infant plaintiff, the parent and their attorney having appeared before the Court on the 10th day of October, 2023 and it appearing that the offer of up-front cash at a cost to defendants BATH AUTHORITY LLC, DREAMLINE and LOWE'S HOME CENTERS, LLC ($310,000.00), which is fair and reasonable, and the infant's mother, NOVA LANDAEUS, having no claim for loss of services,

NOW on application, consent and agreement of the parties herein, and without necessity of any further motion practice on behalf of any party herein, it is

ORDERED, that NOVA LANDAEUS, as the natural guardian of J.R., be and

1

hereby is authorized to execute releases, and all required closing documentation discontinuing the infant's claim upon compliance with the following terms of this Order:

That Defendants, BATH AUTHORITY LLC, DREAMLINE and LOWE'S HOME CENTERS, LLC, pay the sum of THREE HUNDRED TEN THOUSAND DOLLARS ($310,000.00) in full and final settlement of the claim on behalf of the infant plaintiff in the following manner:

a) The sum of ONE HUNDRED THREE THOUSAND THREE HUNDRED THIRTY THREE DOLLARS and THIRTY THREE CENTS ($103,333.33) to Dell & Dean, attorneys for the Plaintiffs, representing the firm's 1/3 fee in full settlement of the firm's claims for compensation and services in relation to infant plaintiff's claim, including $316.75 for disbursements, which the firm has agreed to waive;

b) The sum of TWO HUNDRED SIX THOUSAND SIX HUNDRED SIXTY SIX DOLLARS AND SIXTY SEVEN CENTS ($206,666.67), to fund the purchase of a structured settlement annuity through **NEW YORK LIFE INSURANCE COMPANY**, that is licensed in the State of New York, and is currently rated "A++" (Superior) by A.M. Best Company, and will pay the future periodic payments pursuant to the following terms:

| Payable to ("Payee") J. R. | Guaranteed Amount | Lifetime Amount |
|---|---|---|
| $30,000.00 payable semi-annually, guaranteed for 4 year(s) which is 8 payments, beginning on 07/01/2037 at age 18, with the last guaranteed payment on 01/01/2041 at age 21. | 240,000.00 | 240,000.00 |
| $2,576.54 payable monthly, guaranteed for 10 year(s) which is 120 payments, beginning on 02/19/2041 at age 22, with the last guaranteed payment on 01/19/2051 at age 31. | $309,184.80 | 309,184.80 |

2

| | | |
|---|---|---|
| $50,000.00 paid as a lump sum on 02/19/2051 guaranteed, at age 32. | 50,000.00 | 50,000.00 |

    Annuity Issuer:         New York Life Insurance Company
    Assignee Company:  New York Life Insurance and Annuity Corporation
    Guarantor:            New York Life Insurance Company

    ORDERED, that all sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986 as amended; and it is further

    ORDERED, that the parties hereto acknowledge that the aforementioned defendant which is obligated to make all the periodic payments provided for hereinabove, will assign to and arrange for the assumption of payments listed above to **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION (the "Assignee")**, their obligation herein under with respect to the future periodic payments set forth pursuant to Section 130(c) of the Internal Revenue Code of 1986, as amended. Said assignment and assumptions shall completely release and discharge the defendant from any of its obligations with respect to the periodic payments provided hereinabove, and it is further

    ORDERED, that simultaneously with the making of such qualified assignment pursuant to Section 130(c) of the Internal Revenue Code of 1986, as amended, to the Assignee, such assignee will purchase an annuity policy from **NEW YORK LIFE INSURANCE COMPANY (the "Annuity Issuer")**; and it is further

    ORDERED, that upon the assignment of the duties and obligations to make such future periodic payments pursuant to this Order, all of the duties and responsibilities otherwise imposed upon defendant by this Order, with respect to such future periodic payments, shall be binding upon **the Assignee** and **Annuity Issuer;** and it is further

    ORDERED, that upon the making of such assignment the Assignee shall assume the duties and responsibilities of the defendant with respect to such future periodic payments, and that the performance of the assignee shall be guaranteed in writing by **NEW YORK LIFE INSURANCE**

**COMPANY (the "Guarantor");** and it is further

ORDERED, that Payee shall have no rights or incidence of ownership in said annuity policy; it being the intention herein to conform to and keep within the guidelines in all respects, and in good faith all applicable sections of the Internal Revenue Code and all guidelines and rulings of the Internal Revenue Service; and it is further

ORDERED, that Payee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by the Payee; nor shall the Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments or any part thereof, by way of assignment or otherwise; and it is further

ORDERED, that any payments to be made after the death of Payee shall be made to the Estate of Payee. After reaching age of majority, Payee may submit a change of beneficiary in writing to the Assignee. The designation must be in a form acceptable to Assignee.; and it is further

ORDERED, that the aforesaid payments shall be made in accordance with this Order and the Releases, copies which are to be provided to the Court upon execution and thereafter made a part hereof; and it is further

ORDERED, that the filing of a bond be and the same is hereby dispensed with; and it is further

ORDERED, that upon full compliance with the terms of this order, the natural guardian be and she hereby is authorized to deliver releases and any and all papers necessary to effectuate such settlement and collect such monies, and to discontinue all other actions arising out of the matters encompassed in the above action.

Dated: May 15, 2024
       White Plains, NY

                                     Honorable Nelson S. Román
                                     United States District Judge

The Clerk of Court is directed to terminate the motion at ECF No. 52 and to terminate the action.